IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02573-MEH-CBS

ANGELINA WHITTIKER,

    Plaintiff,

v.

WENDY'S INTERNATIONAL, INC.,

    Defendant.

_____

**ORDER ON DEFENDANT'S MOTION TO DISMISS**
_____

Defendant has filed a Motion to Dismiss Claims Two and Three of Plaintiff's Complaint [Docket #16] based on an alleged failure to exhaust administrative remedies with the EEOC. The matter is briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Dismiss.

**I.     Facts**

Plaintiff initially filed this lawsuit in state court against her former employer Defendant Wendy's, alleging disability discrimination, gender discrimination, and retaliation for reporting sexual harassment. Defendant removed the case to federal court and filed the instant Motion to Dismiss, arguing that Plaintiff's EEOC charge discusses only disability discrimination and, therefore, precludes claims of gender discrimination and retaliation. In response, Plaintiff argues that the EEOC charge was filed without the assistance of counsel, and that the court should take a relaxed view of this requirement due to her *pro se* status. Moreover, Plaintiff argues that Defendant failed to participate in the EEOC investigation and that, had the investigation taken place, these facts would have been revealed.

**II.     Discussion**

In the Tenth Circuit, exhaustion of administrative remedies, such as filing a charge with the EEOC, is a prerequisite to federal jurisdiction over Plaintiff's claims asserted under Title VII or under the ADA. *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996). Because of this requirement, Plaintiff's claims are limited to the scope of the EEOC investigation that can reasonably be expected to follow from the charge presented to the EEOC. *Mitchell v. City & County of Denver*, 112 Fed. Appx. 662, 667 (10th Cir. 2004). A reasonable relation is required, rather than the strict adherence to the allegations of the EEOC charge, because these charges "are regularly filled out by employees who do not have the benefit of counsel." *Id.*

Nevertheless, some reasonable relation is required so that the employer can receive notice of the charge. *Jones v. Denver Post Corp.*, 203 F.3d 748, 755 (10th Cir. 2000). This remains true even if the employer fails participate in the EEOC investigation, because such a failure does not obviate the plaintiff's requirement to provide the proper notice through a charge and exhaust her administrative remedies. Thus, the primary consideration remains the scope of the investigation that can reasonably be expected to follow from the charge, not the scope of the investigation that in fact occurred. *Johnson v. N.T.I.*, 898 F. Supp. 762, 767 (D. Colo. 1995) (finding that a plaintiff need not establish the claim was actually investigated, only that it is reasonably related to the charge).

In this case, Plaintiff checked only the box for disability on the charge and in her discrimination statement alleged:

> I believe that I have been discriminated against because of my disability, and because I was regarded as disabled, both of which are in violation of the Americans with Disabilities Act of 1990, inasmuch as:
>
> A.     I was hired by the company as an Assistant Manger on or about November 5,

       2002.
- B. In May 2004, December 2004 and March 2005, I was diagnosed with disabilities.
- C. Because of my disabilities, I was placed on work restrictions by my physician and required to take blacks of time off my job for surgeries and the treatment of my disabilities.
- D. In about October 2005, I was released by my physician to return to work with restrictions, following a surgery.
- E. My employer did not honor my work restrictions.
- F. Because of my work restrictions were not honored, I was re-injured.
- G. In November 2005, I was transferred to a store that was very far from my home. I was told that I was transferred because this store could accommodate me.
- H. However, as a result of the re-injury, on November 29, 2005, my phusicion placed mo on tighter work restrictions. This angered the General Manager. My restrictions were again not met.
- I. On December 3, 2005, I came down with the flu.
- J. I called my employer on December 3, 2005; December 4, 2005; and December 5, 2005 and reported that I would ne unable to work until December 7, 2005.
- K. On or about December 6, 2005, I was notified by my employer and informed that I was being suspended.
- L. On or about December 8, 2005, I was discharged.

Dock. #1, Exh. A., pp. 13 – 14. Plaintiff's Complaint goes well beyond the factual allegations set forth in this charge to include the following allegations: a male assistant manager was promoted to general manager who was with the company a shorter period of time than her, while she was denied a promotion; plaintiff reported her manager, Mr. Aguilar, for sexually harassing her subordinates; Mr. Aguilar retaliated against her by requesting that she be transferred to a new store; and Defendant transferred Plaintiff to a new store, while allowing Mr. Aguilar to stay at the original store. Complaint at 7 – 8.

Plaintiff's claims of gender discrimination and retaliation for reporting sexual harassment are not reasonably related to her EEOC charge, nor can Plaintiff establish how a reasonable investigation of Plaintiff's disability claims would uncover these allegations. *Seymore v. Shawver & Sons, Inc.*, 111

F.3d 794, 799 (10th Cir. 1997) ("Where a retaliatory act occurs prior the filing of charge and the employee fails to allege the retaliatory act or a retaliation claim in the subsequent charge, the retaliatory act ordinarily will not reasonably relate to the charge."). Plaintiff provides a thorough explanation of her disability claim to the EEOC, yet fails to mention her claims for gender discrimination and retaliation. *See Denver Post Corp.*, 203 F.3d at 755 (failing to allege acts that occurred prior to the charge constitutes a failure to exhaust). Notably, Plaintiff points out her transfer as part of her disability claim, but never mentions that she reported her manager for sexual harassment or that the transfer was in retaliation for this conduct, only that it was in response to her disability. Thus, the Court cannot find that Claims Two and Three of Plaintiff's Complaint are reasonably related to the allegations of disability discrimination included in Plaintiff's EEOC charge.

### III.  Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) [Filed February 2, 2007; Docket #20] is **granted**. Claims Two and Three of Plaintiff's Complaint are **dismissed with prejudice**.

Dated at Denver, Colorado, this 24th day of April, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge